CITY OF DULUTH vs. DULUTH GAS & WATER COMPANY.

January 12, 1891.

Water Company—Construction of Act of Legislature.—An act of the legislature authorizing the common council of the village of Duluth to grant the right to any private corporation to supply water to said village and its inhabitants, and to lay water-pipes and mains through and under the streets, etc., construed, and held to authorize a contract with a corporation organized to supply the village of Duluth and the inhabitants of said village and vicinity with water, to lay mains in the streets, through which, in addition to supplying said village and its inhabitants, the corporation might supply the inhabitants of the vicinity with water.

Same—Construction of Village Ordinance.—An ordinance of said common council construed, and held to grant that right to the defendant.

Appeal by defendant from a judgment of the district court for St. Louis county, entered on the pleadings pursuant to order of Stearns, J.

Flandrau, Squires & Cutcheon, for appellant.

W. W. Billson and S. D. Allen, for respondent.

GILFILLAN, C. J. The defendant is a corporation organized under the general laws of this state. The general nature of its business, as set forth in the articles of incorporation, is "to contract to furnish and supply the village of Duluth, Minnesota, and the inhabitants of said village and vicinity, with gas and water, and to build, construct,

erect, own, maintain, and operate works to manufacture and supply gas to said village and inhabitants for fuel, illuminating, and power, and to build, construct, erect, maintain, own, and operate works to furnish and distribute water to said village and the inhabitants of said village *and vicinity*," etc.    Sp. Laws 1883, *c.* 80, § 3, authorized the common council of the village of Duluth, among other things, "to grant the right to one or more private companies or corporations to erect water-works to supply said village and the inhabitants thereof with water, and to authorize and empower such company or corporation to lay water-pipes and mains into, through, and under the streets, avenues, alleys, and public grounds of the said village and city of Duluth ; and, when necessary for properly carrying out the purpose of said company or corporation, to appropriate private property in the village or city of Duluth to the use of said company or corporation in the manner provided by section 29 of chapter 7 of said act, [the act incorporating the village;] and to control the erection and operation of such water-works and the laying of such pipes and mains, in accordance with such terms as may be agreed upon with said company or corporation."    After the passage of this act the common council passed an ordinance, (accepted by defendant,) from the first section of which we quote :  "In consideration of the benefits that will result to the village of Duluth and its inhabitants from the erection and operation of gas and water-works, there is hereby granted unto the Duluth Gas & Water Company, a corporation duly organized and existing under the laws of the state of Minnesota, and to its successors and assigns, the privilege of establishing, maintaining, and operating gas and water-works, and the construction of pipe-lines, open or closed stand-pipes, reservoirs, conduits, gas-holders, necessary and sufficient in size; also the laying of mains, pipes, and the placing of fire-hydrants and lamp-posts in and along the streets, avenues, alleys, and public grounds of the village and city of Duluth, county of St. Louis, state of Minnesota, as the same now exist or may hereafter be extended, for the supply of gas or water suitable for domestic and other purposes,—for the term of thirty years from and after the passage of this ordinance."    The ordinance was very long, with a great many details regulating the construction and operation of the works,

all designed to insure a reliable and abundant supply of gas and water. In addition to what we have quoted, only three of its provisions need be referred to. One made the right to lay water-pipes in the streets, alleys, and public grounds, or to furnish water to the village or its inhabitants, exclusive for said period of 30 years, provided that upon failure (except from certain causes) to furnish a sufficient supply of water, the exclusive right should cease; another prescribed the location of the works at some point on Lake Superior east of Chester creek, which is, or then was, east of Duluth; the other provided for an option in the village to purchase the works after the expiration of 10 years from the passage of the ordinance, and an agreement that it would purchase them at the expiration of the 30 years if it then should refuse to extend the privileges of defendant for another 20 years. The allegation in the complaint is admitted by the answer that the defendant is about "to connect the main water-pipes, laid under the provisions of said ordinance under and through the streets of said city, with certain mains projected from the city of West Superior, in the state of Wisconsin, with a view of supplying said city with water by the use of the pumps, pipes, mains, and appliances used in the city of Duluth." All allegations in the complaint of prejudice likely to accrue to the village (now city) or inhabitants of Duluth are fully denied by the answer. The action is for an injunction to restrain defendant from connecting its system of waterworks or its main pipes in the city of Duluth with mains, pipes, or any part of a system of water-works in the city of Superior, or any other system beyond the limits of the city of Duluth; and the court below having ordered judgment for plaintiff on the pleadings, and upon that order entered the judgment appealed from, the judgment must rest on the fact admitted, to wit, that defendant is about making the connection, and supplying the city of Superior through the mains laid in Duluth. The judgment cannot stand unless the plaintiff has a right to prevent such connection, even though it will in no way interfere with or diminish the supply of water to the plaintiff or its inhabitants.

It is conceded that the words "and vicinity," in the articles of incorporation, include the city of Superior, though in another state,

and that under the articles it was competent for the defendant to supply that city and its inhabitants with water. But it is claimed that, under the act quoted from, the plaintiff had no power to contract with reference to any other supply of water than that required by it and its inhabitants; and it is also claimed that the ordinance clearly contemplates the incumbering of the streets only for the accommodation of the plaintiff and its inhabitants. In construing the ordinance, the act under which it was passed must be taken into account, for it must be presumed, the language not expressing the contrary, that the council did not intend to do more than the act authorized.

The proposition that the act did not authorize a contract with reference to any other supply of water than that required by plaintiff and its inhabitants is true. Under the act the council of plaintiff had no power to contract for a supply of water to the city of Superior, or to any other community out of the corporate limits of the village or city of Duluth; and the council did not attempt to do so; it is not claimed that it did. An attempt to do so would present a very different question from that presented by a contract between the council and a corporation organized and with power to furnish water, not merely to Duluth, but also to places out of Duluth and in its vicinity, through the same system of pumps, reservoirs, and main pipes by which the corporation should agree to supply Duluth with water through the mains it employed in supplying other places, and by which the council gave it leave (in order to secure a supply to Duluth) to lay those pipes in its streets. The act contains no warrant for a contract by the council to supply other places, or make any provision for supplying other places; but we think it would be a very narrow interpretation of the act that would limit the power of the council to contracts with a corporation whose sole purpose was to supply water to Duluth, or that would exclude its power to contract for a supply to Duluth, with a corporation organized for the purpose of supplying other places as well as Duluth, or its power to contract for a supply to Duluth through the same mains used for supplying other places. While the council could not contract that the defendant should supply any other place through the mains laid to supply Duluth, (or by any other means,) we do not think it an objection to the exercise of

the power to contract that other places may be supplied through the mains which the council contracts for. The council might, of course, have contracted for mains and pipes exclusively to bring the water to Duluth and its inhabitants, and it could not contract for laying through the streets mains and pipes having no connection with that purpose. But, that purpose being accomplished, we do not think it affects the contract providing for it that defendant may use the instrumentalities by which it is accomplished in the general business of its incorporation. We conclude, then, that the act authorized the contract as defendant claims it to be.

Does the contract leave the defendant the right to use its mains and pipes, laid in the streets pursuant to it, to supply other places, or must those mains and pipes be used by it exclusively for a supply to Duluth and its inhabitants? There is no language in the ordinance excluding the supply of other places through those mains. The council must be held, when dealing with defendant, to have known its character, its purposes, and powers, as disclosed by its articles of incorporation; that it was organized for the purpose and with power "to build, construct, erect, maintain, own, and operate works to furnish and distribute water to said village and the inhabitants of said village *and vicinity;*" and that it had the power, unless limited otherwise than by its articles, to furnish and distribute the water to all contemplated by its articles, through the same general system of pumps, reservoirs, mains, and pipes, instead of having a separate system for each municipal community. And when contracting that the source of supply should be a point on the lake east of Duluth, from which probably the most feasible, perhaps the only, means of supplying places lying west of Duluth would be through the general system of mains laid from the pumps and reservoirs westward to and through Duluth, it may fairly be presumed to have intended that Duluth should be supplied through and by means of the·general system of mains extended in that direction for all the purposes of the defendant; in other words, that the mains laid through the streets for the supply of Duluth might be a part of the means employed by the defendant to supply not only Duluth, but other places west of it, within the general power and purposes of

the defendant.    Of course the defendant must furnish to Duluth and its inhabitants water in the manner and to the extent stipulated in the ordinance, unless excused by the causes therein mentioned.    This being done, plaintiff has no reason to complain that defendant supplies others through the same mains.

Judgment reversed.